IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIVE FACE ON WEB, LLC, | Civil Action |
| Plaintiff, | No. |
| v. | **JURY TRIAL DEMANDED** |
| THE CONTROL GROUP MEDIA COMPANY, INC. a/k/a THE CONTROL GROUP and INSTANT CHECKMATE, INC., | |
| Defendants. | |

## COMPLAINT

Plaintiff, Live Face on Web, LLC ("LFOW" or "Plaintiff"), by and through its undersigned counsel, brings the following Complaint against defendants The Control Group Media Company, Inc. a/k/a The Control Group and Instant Checkmate, Inc. (collectively, the "Defendants"), and avers as follows:

## NATURE OF THE ACTION

1. This is an action for willful direct copyright infringement, contributory/vicarious copyright infringement, inducing copyright infringement, breach of contract and unjust enrichment resulting from the Defendants' violation of LFOW's copyrighted works and breach of a license agreement, as more fully described herein.

2. LFOW seeks, *inter alia*, an Order for impounding and destruction of the infringing articles, the Defendants' profits attributable to their unlawful acts, counsel fees, compensatory and punitive damages and other relief available under applicable law.

## THE PARTIES

3. Plaintiff, Live Face on Web, LLC, is a Pennsylvania limited liability company

1

with its principal place of business at 1300 Industrial Boulevard, Suite 212, Southampton, PA 18966.

4. Defendant, The Control Group Media Company, Inc. a/k/a The Control Group ("TCG"), upon information and belief, is a Delaware corporation with its principal place of business at 4110 Mission Boulevard, Suite 200, San Diego, CA 92109.

5. Defendant, Instant Checkmate, Inc. ("ICI"), upon information and belief, is a Delaware corporation with its principal place of business at 4110 Mission Boulevard, Suite 200, San Diego, CA 92109.

6. Upon information and belief, the Defendants own, control and/or operate the websites known as and located at www.instantcheckmate.com, www.uspeoplerecords.com, www.unitedstatesbackgroundchecks.com, www.firstquotehealthcare.com and the other websites (collectively, "Subject Websites") and the uniform resource locators ("URLs") at issue in this action, as more fully described herein.

## JURISDICTION AND VENUE

7. This action arising under the U.S. Copyright Act, and thus this Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over the Defendants, each of which has conducted business in, and has had continuous and systematic contacts with the Commonwealth of Pennsylvania and this District. Defendants have purposefully availed themselves of the privilege of doing business in Pennsylvania, and critical elements of Defendants' wrongdoing occurred in this Commonwealth. TCG has also agreed contractually to jurisdiction and venue in

this District under the End User License Agreements for the LFOW TCG Software Products (as defined below).

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(a) in that a substantial part of the events or omissions giving rise to the claims herein occurred in this District, a substantial part of the property that is the subject of the action is situated in this District, and Defendants have sufficient contacts with this District such that Defendants may be found here.

## BACKGROUND

### I. LFOW's Business and Technology

10. LFOW is a leading developer and owner of "live person" software ("LFOW Software") and video technology for websites (collectively, the "LFOW Technology"), which it licenses to businesses and individuals.

11. The LFOW Technology allows a company to display a "walking" and "talking" personal host who introduces a website to an online visitor. The spokesperson can then be configured to explain a company's products and/or services and to direct a online visitor's attention to a particular product or aspect of the website.

12. The LFOW Technology enables a company to customize and dynamically modify settings and functionality of the spokesperson. By way of example and not limitation, a customer utilizing the LFOW Technology can: (a) manipulate the positioning of the spokesperson on its website and select between static, relative or dynamic positioning features; (b) adjust the delay between the time an online visitor enters the website and the start time of the spokesperson's presentation; (c) select the number of times a presentation plays for each particular visitor; and (d) select "click on me" functionality that directs a online visitor to a predetermined page or

3

section of the website which promotes goods or services and/or reinforces the image and brand of the customer.

13.     The LFOW Technology seeks to enhance a website with a real live model, capture, hold and prolong the attention of the average online visitor and have a direct and indirect positive impact on sales and/or the brand, public image and reputation of any company that has an online presence.

14.     The LFOW Technology, the spokesperson's video presentation created by LFOW, and other components are licensed by LFOW to a customer in a "package" (each being a "LFOW Software Package") for a fee and subject to the terms and conditions of LFOW's End User License Agreement ("EULA").

15.     Specifically, each LFOW Software Package consists of three parts: (a) the video presentation of the spokesperson, which is typically created and owned by LFOW and protectable under, *inter alia*, U.S. copyright laws (each being a "LFOW Video Presentation"); (b) the LFOW Software, comprised of LFOW JavaScript source code, which is also a copyrighted work, duly registered with the U.S. Copyright Office in accordance with law, and is owned by LFOW and on which LFOW has spent considerable time, effort and money to develop and market; and (c) the LFOW video player, which has LFOW copyrighted material and related notices ("LFOW Video Player").

16.     LFOW has registered each version of the LFOW Video Presentations, LFOW Software and LFOW Video Player applicable to this action with the U.S. Copyright Office. By way of example and not limitation, attached hereto as <u>Exhibit A</u> is a true and correct copy of a printout from the U.S. Copyright Office evidencing Copyright Registration No. TX0007367218 relating to LFOW Software version 9.1.1, which was incorporated into one or more of the

LFOW TCG Software Packages (as defined below) at issue in this action.

17. LFOW only licenses, and does not sell ownership to, rights in its LFOW Software Packages to customers, including TCG, as more fully described below.

## II. TCG Licenses Numerous LFOW Software Packages from LFOW, Which Increased the Defendants' Sales by At Least Twelve Percent (12%)

18. In or about 2011, TCG contacted LFOW to inquire about licensing a customized version of the LFOW Software Package for TCG's marketing, advertising and sales purposes.

19. Between 2011 and 2014, TCG licensed in excess of ten (10) such LFOW Software Packages that LFOW created and customized for TCG's marketing, advertising and sales purposes (collectively, the "LFOW TCG Software Packages").

20. TCG executed a document pursuant to which, *inter alia*, TCG acknowledged, agreed and became bound by the terms and conditions of LFOW's EULA. A true and correct copy of one such document, which has been redacted to protect TCG's credit card information, is attached hereto as Exhibit B.

21. TCG also became bound by the terms of LFOW's EULA by, *inter alia*, accepting and using the LFOW TCG Software Packages.

22. TCG was pleased with the performance of LFOW's technology for its advertising, marketing and sales purposes, and acknowledged that the LFOW TCG Software Packages increased its client conversation rates and sales by approximately twelve percent (12%). Attached hereto as Exhibit C is are true and correct copies of e-mails between LFOW and TCG evidencing the foregoing.

## III. Defendants' Violated LFOW's EULA and Intellectual Property Rights By Transferring Them Without Authorization, Using Them on Unauthorized URLs, and Using Them to Violate Federal Law, For Which Defendant ICI Was Prosecuted, Plead Guilty and Paid Substantial Sanctions

5

23.     Article 2.1 of the EULA provides, in relevant part, that an LFOW TCG Software Product could only be used on *one (1) URL* at any one time, and the use on any additional URLs would require permission from and payment of additional fees to LFOW.  Attached hereto as Exhibit D is a true and correct copy of LFOW's EULA.

24.     Articles 2.2. and 3.1 of the EULA provide, in relevant part, that TCG is not permitted to sublicense or transfer the LFOW TCG Software Products to any person or entity or permit any person or entity to do so.

25.     Articles 8.1 and 8.8 of the EULA provide, in relevant part, that TCG will not use or permit the use of the LFOW TCG Software Products to violate applicable law.

26.     Article 11 of the EULA provides, in relevant part, that TCG will indemnify and hold harmless LFOW from and against any and all liabilities, damages, costs, expenses and losses, including attorney's fees, expert witness fees, travel costs and other costs and expenses of litigation, arising out of or in any way related to, *inter alia*, TCG's use and misuse of the LFOW TCG Software Products, TCG's breach of the EULA, and TCG's and its agents' acts, omissions and violations of applicable law.

27.     Article 12 of the EULA provides, in relevant part, that TCG's license to the LFOW TCG Software Products shall terminate immediately, without notice from LFOW, and all rights of TCG in the licensed material shall be immediately revoked, in the event, *inter alia*, that TCG shall fail to comply with any provision of the EULA.

28.     However, despite being fully aware of the terms of the EULA, Defendants proceeded to disregard LFOW's contractual and other legal rights.

29.     Upon information and belief, upon information and belief, TCG transferred certain of the LFOW TCG Software Packages in whole or in part to ICI without authorization

6

from LFOW, and ICI proceeded to misuse such LFOW TCG Software Packages for its marketing, advertising and sales purposes, in violation of the EULAs, LFOW's copyrights and applicable law.

30. Furthermore, upon information and belief, Defendants unlawfully displayed all or some of the LFOW TCG Software Packages on two or more URLs concurrently in violation of the EULA and applicable law, and without authorization from, or payment of applicable fees to, FLOW.

31. In addition, upon information and belief, the Defendants misused all or some of the LFOW TCG Software Packages to unlawfully market, advertise and sell credit report services in violation of the Federal Trade Commission Act, 15 U.S.C. § 45(a), and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 - 1681xi.e., which in turn violated the provisions of LFOW's EULA that prohibited the use of LFOW's software packages for unlawful purposes.

32. In March 2014, the Federal Trade Commission commenced litigation against Defendant ICI for the aforementioned unlawful business practices at *United States of America v. Instant Checkmate, Inc.*, Case No. 14-cv-0675-H-JMA ("FTC Enforcement Action").

33. In April 2014, Defendant ICI plead guilty to the charges in the FTC Enforcement Action, and entered into a Consent Order for civil penalties of $525,000, a permanent injunction and other relief requested by the FTC. Attached hereto as Exhibit E is a true and correct copy of the aforementioned Consent Order.

34. In November 2014, LFOW demanded that Defendants cease and desist from their unlawful conduct, but to no avail. Attached hereto as Exhibit F is a true and correct copy of the November 2014 cease and desist letter.

35. Upon information and belief, Defendants continued to violate LFOW's

7

contractual, intellectual property and other rights after receiving the November 2014 cease and desist letter, as more fully described herein.

36. As a result of such activities, LFOW has suffered significant harm and loss, for which it now seek compensation and to enjoin Defendants from further infringing on LFOW's intellectual property and other rights.

IV. **Defendants are Responsible for Third-Party Copyright Infringement**

37. Defendants unlawfully used, distributed, executed and displayed, and/or caused others to unlawfully use, distribute, download, execute and display, the LFOW TCG Software Packages.

38. Through the use of the Subject Websites, and after the Defendants had no right to use the LFOW TCG Software Packages due to their unlawful conduct more fully described above, the Defendants continued to use and display the LFOW TCG Software Packages and caused their website visitors to download and execute on their computers and other devises (including, without limitation, by loading the same on the computer's or devise's random access memory) the LFOW TCG Software Packages, thus causing such website visitors to violate LFOW's rights.

39. The Defendants had the right and ability to monitor, control, direct, supervise and to limit the infringing conduct and activities that occurs through their computer systems and websites.

40. The Defendants, however, made no attempt to stop or limit the infringing conduct and activities by their website visitors who viewed or were exposed to the LFOW TCG Software Packages through the Defendants' computer systems and/or websites.

41. The Defendants receives a direct and substantial financial benefit from the

8

infringing activity occurring on or through their computer systems and/or websites, as more fully described above.

42. As a result of foregoing conduct of the Defendants, LFOW has suffered and will continue to suffer significant, irreparable harm and loss.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT
(LFOW vs. TCG and ICI)

43. Plaintiff incorporates by reference the averments contained in the preceding paragraphs above, as if set forth fully herein.

44. The aforesaid conduct of the Defendants constitutes willful copyright infringement under, *inter alia*, 17 U.S.C. § 501 and 17 U.S.C. § 506.

45. The items specified herein are copyrightable subject matter under the laws of the United States.

46. Plaintiff has complied in all respects with the provisions of the Copyright Act, 17 U.S.C. §§ 101 et seq., and all other laws governing copyright to secure the exclusive rights and privileges in and to the copyrights of the items identified herein.

47. Upon information and belief, Defendants used, misused and/or distributed the LFOW TCG Software Packages for marketing, advertising and sales purposes, and have caused Plaintiff serious and irreparable harm as a result.

48. Unless Defendants are restrained and enjoined from their unauthorized use and distribution of the LFOW TCG Software Packages, these injuries will continue to occur.

49. Irreparable harm and injury to Plaintiff is imminent as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law.

50. Pursuant to 17 U.S.C. § 502(a), Plaintiff is entitled to an injunction restraining

Defendants, their employees and agents, and all other persons acting in concert with them, from engaging in any further improper acts.

51.     Pursuant to 17 U.S.C. §§ 503(a) and 503(b), Plaintiff is entitled to an order impounding the infringing articles and the means by which such infringing articles were misused or reproduced.

52.     Pursuant to 17 U.S.C. § 504, Plaintiff is entitled to damages and Defendants' profits in amounts to be proven at trial, or alternatively, statutory damages in the amount of $150,000 with respect to each work infringed.

53.     Pursuant to 17 U.S.C. § 505, Plaintiff is entitled to an award of attorneys' fees and costs.

## COUNT II
## CONTRIBUTORY/VICARIOUS COPYRIGHT INFRINGEMENT
(LFOW vs. TCG and ICI)

54.     Plaintiff incorporates by reference the averments contained in the preceding paragraphs above, as if set forth fully herein.

55.     Upon information and belief, Defendants improperly used and distributed the LFOW TCG Software Packages for marketing, advertising and sales purposes, and have caused Plaintiff serious and irreparable harm as a result.

56.     Defendants knowingly, systematically and materially contributed to, intentionally induced, and/or caused their website visitors to infringe Plaintiff's copyrights in its works, including by materially contributing to, intentionally inducing, and/or causing unauthorized reproductions and distributions of its copyrighted material (including, without limitation, by means of electronic download, loading and execution of the LFOW TCG Software Packages on computers' and/or devises' random access memory) without authorization in violation of

Sections 106 et seq. and Section 501 of the Copyright Act. 17 U.S.C. §§ 106 et seq., and 501.

57. Defendants' acts of contributory and/or vicarious infringement were willful, in disregard of and with indifference to the rights of Plaintiff, and resulted in a direct financial benefit to Defendants.

58. As a direct and proximate result of the infringement by Defendants, Plaintiff is entitled to damages and Defendants' profits in amounts to be proven at trial.

59. Alternatively, Plaintiff is entitled to the maximum statutory damages in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under applicable law, including, without limitation, the Copyright Act.

## COUNT III
## INDUCING COPYRIGHT INFRINGEMENT
## (LFOW vs. TCG and ICI)

60. Plaintiff incorporates by reference the averments contained in the preceding paragraphs above, as if set forth fully herein.

61. Defendants induced their website visitors to infringe Plaintiff's copyrights, including by using, distributing, downloading and executing the LFOW TCG Software Packages, without authorization in violation of Sections 106 et seq. and Section 501 of the Copyright Act. 17 U.S.C. §§ 106 et seq., and 501.

62. Defendants' acts of inducing copyright infringement were willful and in disregard of and with indifference to the rights of Plaintiff, and Defendants derived a direct financial benefit therefrom.

63. As a direct and proximate result of the infringement by Defendants, Plaintiff is entitled to damages and Defendants' profits in amounts to be proven at trial.

64. Alternatively, Plaintiff is entitled to the maximum statutory damages in the

amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under applicable law, including, without limitation, the Copyright Act.

## COUNT IV
## BREACH OF CONTRACT
## (LFOW vs. TCG)

65. Plaintiff incorporates by reference the averments contained in the preceding paragraphs above, as if set forth fully herein.

66. The actions of Defendants violate the terms and conditions of the EULAs to which TCG was legally bound.

67. By reason of the aforesaid breach, Plaintiff has been harmed as heretofore alleged.

## COUNT V
## UNJUST ENRICHMENT
## (LFOW vs. TCG and ICI)

68. Plaintiff incorporates by reference the averments contained in the preceding paragraphs above, as if set forth fully herein.

69. Defendants have received or will receive unjust enrichment from their misappropriation and unauthorized use of the LFOW TCG Software Packages, in whole or in part.

70. Accordingly, any such enrichment is unjust and should, in equity and good conscience, be returned to Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Live Face on Web, LLC, demands judgment in its favor and against Defendants as follows:

A. A judgment that Defendants have engaged in willful direct copyright infringement, contributory/vicarious copyright infringement and inducing copyright

infringement; and

B. Under the authority of 17 U.S.C. § 502, that Defendants and their agents, employees, successors, assigns and all those controlled by them, or in active concert or participation with them, be preliminarily and permanently enjoined from:

1. Using, misusing, altering, modifying, creating derivative works from, displaying and distributing the LFOW TCG Software Packages and/or Plaintiff's copyrighted material; and

2. Committing further acts of copyright infringement; and

C. Under the authority of 17 U.S.C. § 503(a), an Order directing Defendants to shut down the applicable Subject Websites (or portions thereof) or any other affiliated websites (or portions thereof) through which the unlawful activities were carried out; and

D. Under the authority of 17 U.S.C. § 504, an Order requiring Defendants to account to Plaintiff for, and to disgorge in favor of Plaintiff, the profits of Defendants from their infringement of Plaintiff's rights; and

E. Under the authority of 17 U.S.C. § 504, an award of statutory damages of $150,000 in respect to each act of willful copyright infringement; and

F. Under the authority of 17 U.S.C. § 505, an Order allowing the recovery by Plaintiff of the full costs of this action, including Plaintiff's reasonable attorneys' fees; and

G. Award of damages for breach of contract and unjust enrichment in an amount to be determined at the time of trial, which is anticipated to be in excess of $75,000 and shall include Plaintiff's attorney's fees, costs of suit and other awardable sums; and

H. For restitution, other damages, interest and costs in connection with or as a result of this action and Defendants' unlawful conduct referenced herein; and

  I. Award such other relief that the Court deems equitable, just and appropriate under the circumstances.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable.

  Respectfully Submitted,

  TINOVSKY LAW FIRM

Dated: March 12, 2015  By: _____
  Vladislav Tinovsky, Esquire
  PA Bar No. 85671
  5 Neshaminy Interplex
  Suite 205
  Trevose, PA 19053
  215-568-6860
  *Counsel for Plaintiff Live Face On Web, LLC*