```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


LIVE FACE ON THE WEB, LLC        :

        Plaintiff,               :    CIVIL ACTION

             v.                  :    NO. 2:15-cv-01306-JCJ

THE CONTROL GROUP MEDIA          :
COMPANY, INC. a/k/a THE          :
CONTROL GROUP, INSTANT           :
CHECKMATE, INC., and INSTANT     :
CHECKMATE, LLC,                  :
        Defendants.
```

## MEMORANDUM AND ORDER

**JOYNER, J.**                                        June 23, 2016

Before this Court are Defendants' Motion for Leave to File an Amended Answer and Add Counterclaims (Doc. No. 38), Plaintiff's opposition thereto (Doc. No. 39), and Defendants' Reply Brief in Support of their Motion (Doc. No. 40). For the reasons outlined in this memorandum, we will grant Defendants' Motion in part, permitting Defendants' amended answer and the addition of proposed counterclaims I-VI, IX, and XI.

## Background Facts

Plaintiff Live Face on the Web, LLC ("Plaintiff") filed an action for willful direct copyright infringement, vicarious copyright infringement, contributory copyright infringement,

1

inducing copyright infringement, breach of contract, and unjust enrichment against Defendants, The Control Group Media Company, Inc. and Instant Checkmate, Inc.[1] ("Defendants") on March 3, 2015. (Doc. No. 1). On June 2, 2015, Plaintiff's Amended Complaint dropped the claim for unjust enrichment. (Doc. No. 14). Defendants succeeded in part on a Motion to Dismiss in December 2015 and Plaintiff's claims for vicarious and contributory copyright infringement were thereafter dismissed. (Doc. Nos. 19, 27-28).

Defendants filed a Motion for Leave to file an Amended Answer and Add Counterclaims to Plaintiff's pending action against them on May 23, 2016. (Doc. No. 38). Plaintiff opposes Defendants' Motion to Amend only with respect to adding eleven counterclaims. (Doc. No. 39 at 2 of 9, n.1) It does not contest Defendants' answer and affirmative defenses. Id. Defendants' proposed counterclaims include four counts seeking declaratory judgments, fraud, breach of contract and good faith, three counts for violation of California state law, one count for violation of federal law — The Computer Fraud and Abuse Act — and one count for reformation per a mutual mistake of the parties. (Doc. No. 38 at 34-51 of 65). The dispute is centered on the End User Licensing Agreement(s) ("EULA(s)") that governed the transactions

---

[1] Instant Checkmate, LLC was converted into Instant Checkmate, Inc.

between Plaintiff and Defendants between the years 2011-2014, the language of those agreements, their enforceability, and alleged breaches of them by both parties. Defendants contend that their counterclaims are compulsory and should be added. (Doc. No. 38 at 56-59 of 65). Plaintiff primarily contends that Defendants' request to add counterclaims is unduly delayed and prejudicial, and argues further that the claims are futile. (Doc. No. 38 at 3-8 of 9). Defendants insist that both new information and new documents explaining Plaintiff's conduct throughout their dealings have recently surfaced during discovery. (Doc. No. 38 at 59-63 of 65). We will address the parties' averments in turn.

## Discussion

### A. Legal Standard

Defendants' Motion to Amend is governed by Fed. R. Civ. P. 15(a), which requires "the court's leave" or "the opposing party's consent" to amend when amendments are not made "as a matter of course." Id. Leave to amend a pleading shall be freely granted "when justice so requires." Id. The Third Circuit has interpreted this standard liberally, or to mean that "prejudice to the non-moving party is the touchstone for the denial of an amendment." Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (internal quotation and citation omitted). Absent such prejudice,

a district court retains discretion to deny an amendment, but such a denial is proper only where it appears "from the record that (1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, [or that] (2) the amendment would be futile." Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000); see Lorenz, 1 F.3d at 1414 (citation omitted); McCarthy v. Komori Am. Corp., 200 F.R.D. 507, 508 (E.D. Pa. 2001).

### B. Nature of the Counterclaims

Defendants aver that their proposed counterclaims are compulsory as they arise "out of the same transaction or occurrence that is the subject matter of the opposing party's claim" and do not require the addition of a party outside of the Court's jurisdiction. Fed. R. Civ. P. 13(a). The Third Circuit generously construes what makes a counterclaim compulsory, and its approach aligns with the Federal Rules' policies for promoting judicial economy. See Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc., 292 F.3d 384, 389 (3d Cir. 2002). Compulsory counterclaims are ones that "bear a logical relationship to the opposing party's claim." Id. (citation omitted). Because Defendants' counterclaims, if added, will involve an interpretation of allegedly breached EULAs and allegedly infringed copyrights, as well as an investigation of

4

each party's contractual obligations and conduct throughout the course of their commercial transactions, we view them as compulsory. Courts should deny the addition of compulsory counterclaims only when their reasons for doing so are compelling — because "an omitted compulsory counterclaim cannot be asserted in subsequent cases and the pleader will lose the opportunity to have the claim adjudicated." Perfect Plastics Indus., Inc. v. Cars & Concepts, Inc., 758 F. Supp. 1080, 1082 (W.D. Pa. 1991) (citations omitted). Moreover, "the Federal Rules . . . accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 181-82 (1962) (citation omitted). At this stage in the pleadings, we find no compelling reason to deny Defendants the opportunity to test certain of their compulsory counterclaims on the merits.

**C. Undue Delay**

Plaintiff asserts that Defendants have unduly delayed in asserting their proposed counterclaims. Defendants' justification for proposing counterclaims at this stage is that recent fact discovery revealed to them previously undiscovered evidence about Plaintiff's conduct. Among these facts is evidence that: (1) Plaintiff registered and copyrighted fourteen video presentations that included Defendants' own intellectual property

(scripts and videos), (2) Plaintiff substantially altered the EULAs' terms amid its transactions with Defendants without notice and thus unreasonably changed the limits and obligations governing those transactions, (3) Plaintiff monitored Defendants' confidential information beyond the extent disclosed in any EULA, and (4) Plaintiff knew how its products were being used by Defendants and induced further purchases from them without informing them of any suspected infringement.

Plaintiff contends that these facts were known to Defendants for more than eighteen months before they filed their Motion to Amend and thus their amendments should be denied for undue delay. In support of this, Plaintiff cites cases where this Court denied leave to amend to movants who knew for several months the facts that formed the basis of their amendments. In one of those cases, the movant had not cited any specific discovery testimony that justified its amendment. See Sherlock v. Herdelin, No. Civ.A. 04-3438, 2006 WL 2668531, at *3 (E.D. Pa. Sept. 11, 2006). In the other, the movant similarly offered no explanation for its amendment and delayed filing its motion until after multiple extended deadlines from the Court had passed. See McCarthy, 200 F.R.D. at 508.

Plaintiff here supports its claim of undue delay with an email from Defendants' former counsel acknowledging a specific term of the 2014 EULA and Defendants' compliance with that term. Plaintiff adds that Defendants sought technical support for the product's monitoring feature and thus cannot retroactively deny that they knew such a monitoring feature existed. In our opinion, this information proves only that Defendants had read the current version of the EULA (2014) after having been noticed that this lawsuit would be brought against them and that Defendants had consented to Article 7.1 of that EULA which did not disclose how far and to what extent its monitoring capabilities would stretch. The information does not prove that, before recent interrogatories had been answered and documents had been produced, Defendants had knowledge of all three versions of the EULA during their transactions with Plaintiff, that any modifications made to the original EULA had been set forth in a signed writing pursuant to Article 14.3 of 2014's EULA, or that Defendants knew anything other than Plaintiff's software code had been copyrighted. Because the Third Circuit "requires that we focus on the movant's reason[s] for not amending sooner," Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001) (citation omitted), and we view Defendants' recent discovery of previously unknown information to be a sound reason,

7

we find Defendants have not unduly delayed in seeking to add counterclaims.

Since Defendants' delay was reasonable, we cannot conclude that Plaintiff will be unfairly prejudiced in defending itself against certain new and related claims. Plaintiff's burden here is more than "merely claiming prejudice." Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous. of Virgin Islands, Inc., 663 F.2d 419, 426 (3d Cir. 1981) (citation omitted). Plaintiff must show rather that "it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered" if Defendants' amendments had been timely. Id; see Arthur v. Maersk, Inc., 434 F.3d 196, 206 (3d Cir. 2006) (citations omitted).

Plaintiff has not explained how it will be unfairly disadvantaged by Defendants' proposed counterclaims. Plaintiff instead points to circumstances under which courts in this circuit have found prejudice. See, e.g., Cureton, 252 F.3d at 274 ("[T]he proposed amendment would essentially force the NCAA to begin litigating this case again."). We add that under other circumstances prejudice was unfounded and leave to amend granted where the party opposing amendment "ha[d] not argued that the delay impaired its ability to defend against the suit." Arthur,

434 F.3d at 206. While Plaintiff's response to Defendants' motion alludes to impairments such as increased discovery and costs, it is difficult to imagine that such discovery and costs were unforeseen when Plaintiff yielded to Defendants' Amended Affirmative Defenses and acknowledges how similar those defenses are to the proposed counterclaims. It is even more difficult to justify the proposed counterclaims as prejudicial when "[i]n all likelihood, the questions raised by the counterclaims would . . . be litigated in the action as defenses." Perfect Plastics, 758 F. Supp. at 1082. With about a month remaining before discovery is scheduled to conclude, we cannot find that Plaintiff is prejudiced in defending itself against certain of Defendants' proposed counterclaims.

### D. Futility

Lastly, Plaintiff asserts that Defendants' proposed counterclaims are futile. A proposed counterclaim "is futile when it would be subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the Third Circuit has stated that in such cases the motion to amend should be denied." Sur. Adm'rs, Inc. v. Samara, No. CIV.A. 04-5177, 2006 WL 891430, at *9 (E.D. Pa. Apr. 6, 2006) (citing Shane v. Fauver, 213 F.3d 113, 115 (3d Cir.2000)). A proposed amendment is not futile

[where it] "would withstand a motion to dismiss." <u>Free Speech Coal., Inc. v. Att'y Gen. of U.S.</u>, 677 F.3d 519, 545 (3d Cir. 2012). Plaintiff argues that Defendants' proposed counterclaims are futile because they were filed late in the litigation and are founded on theories already asserted in Defendants' affirmative defenses. This argument sounds in redundancy but does not explain how Defendants' counterclaims fail to state a claim for which relief could be granted under Fed. R. Civ. P. 12(b)(6) standards.

We find that only Counts VII, VIII, and X of Defendants' proposed counterclaims, which are based on violations of California state law, are futile. Assuming the Pennsylvania choice of law provision in each of the EULAs at issue is valid, <u>see</u> <u>Kruzits v. Okuma Mach. Tool, Inc.</u>, 40 F.3d 52, 55 (3d Cir. 1994) ("Pennsylvania courts generally honor the intent of the contracting parties and enforce choice of law provisions in contracts executed by them"), it precludes Defendants from litigating those counts in this case. Count IX alleges a violation of the Computer Fraud and Abuse Act — a federal statute courts in this Circuit interpret regularly. <u>See</u>, <u>e.g.</u>, <u>Bro-Tech Corp. v. Thermax, Inc.</u>, 651 F. Supp. 2d 378, 405-08 (E.D. Pa. 2009); <u>P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC</u>, 428 F.3d 504, 508 (3d Cir. 2005). Defendants

here, in that count and in counts I-VI and XI, have sufficiently pled facts to raise their claims above the level of mere speculation required for a Rule 12(b)(6) dismissal in this Circuit, see Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir 2008), and accordingly, above the level required for denial under a theory of futility.

## Conclusion

For the reasons outlined above, we grant Defendants' Motion to Amend and Add Counterclaims except as to Counts VII, VIII, and X of Defendants' proposed counterclaims. An Order follows.